UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUSAN SINGER,<br><br>   Plaintiff,<br><br>v.<br><br>THE STATE OF NEVADA ex rel.<br>DEPARTMENT OF TRANSPORTATION<br><br>   Defendant. | 3:09-CV-0696-LRH-RAM<br><br>ORDER |

  Before the court is defendant State of Nevada Department of Transportation's ("NDOT") motion to dismiss and for summary judgment. Doc. #24.[1] Plaintiff Susan Singer ("Singer") filed an opposition (Doc. #34) to which the NDOT replied (Doc. #35).

**I. Facts and Background**

  In 1997, Singer was hired as a right-of-way agent for defendant NDOT. In 2006, Singer was promoted to Supervisory Right-of-Way Agent, Utilities Section. In 2008, Singer, who is a non-Christian single woman aged 59, applied for and was denied four separate supervisory positions. Singer alleges that all four positions were filled by younger, less qualified Christian males.

  On June 18, 2008, Singer filed a charge with the Nevada Equal Right Commission ("NERC"). NERC forwarded Singer's charge to the United States Equal Employment Opportunity

---

[1] Refers to the court's docket number.

Commission ("EEOC"). On December 2, 2008, Singer finalized her charge with the EEOC alleging age, sex, and religious discrimination against the NDOT. *See* Doc. #24, Exhibit C.

On August 27, 2009, Singer obtained a right to sue letter from the EEOC. *See* Doc. #24, Exhibit I. Subsequently, Singer filed the present action against the NDOT alleging four causes of action: (1) First Amendment retaliation; (2) First Amendment - Religion; (3) Title VII retaliation; and (4) attorney's fees.[2] Doc. #1. Thereafter, NDOT filed the present motion to dismiss and for summary judgment. Doc. #24.

## II.     Legal Standard

The NDOT seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility

---

[2] Singer seeks attorney's fees pursuant to 42 U.S.C. § 1988. A request for attorney's fees is a remedy available to a prevailing party in a civil rights complaint, it is not a separate cause of action. *See* 42 U.S.C. § 1988. As such, the court shall dismiss Singer's fourth cause of action for attorney's fees.

2

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

In her complaint, Singer alleges three substantive claims: two First Amendment claims under 42 U.S.C. § 1983, and a Title VII retaliation claim. *See* Doc. #1. The NDOT moves to dismiss the Section 1983 claims pursuant to Eleventh Amendment immunity and moves for summary judgment on the Title VII retaliation claim. *See* Doc. #24. The court shall address each claim below.

**A. Section 1983 Claim - First Amendment violations**

The Eleventh Amendment bars citizens from suing a state. U.S. Const. Amend. XI. This protection extends to protect a state from federal suits brought by its own citizens. *See Riggle v. State of California*, 577 F.2d 579, 581 (9th Cir. 1978). A state may only be sued in federal court when the state explicitly waives its Eleventh Amendment immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Nevada has not waived its Eleventh Amendment immunity. NRS 41.031(3).

Additionally, immunity from suit extends to state instrumentalities and agencies. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Here, NDOT is a state agency, and, as such, is immune from suit from Singer's Section 1983 claims. Accordingly, NDOT's motion to dismiss shall be granted.

**B. Title VII retaliation**

Defendant NDOT moves for summary judgment as to Singer's Title VII retaliation claim arguing that there are no disputed issues of material fact that Singer was not retaliated against for filing her NERC complaint. *See* Doc. #24.

The court has reviewed the documents and pleadings on file in this matter and finds the present motion for summary judgment premature. Discovery in this matter has only recently begun. NDOT filed the present motion on October 28, 2010, with a very limited record of pre-discovery documents. The court cannot, based solely on the limited record provided in the motion, determine whether there are no disputed issues of material fact that Singer was not retaliated against and that NDOT is entitled to judgment as a matter of law on Singer's Title VII retaliation claim. Accordingly, the court shall deny NDOT's motion for summary judgment without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss and for summary judgment (Doc. #24) is GRANTED in-part and DENIED in-part. Plaintiff's first cause of action for First Amendment retaliation; second cause of action for First Amendment - Religion; and fourth cause of action for attorney's fees are DISMISSED from the complaint (Doc. #1).

IT IS FURTHER ORDERED that defendant's motion to strike (Doc. #36) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE